IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DENISE S. MEYERS, widow of )
DANIEL E. MEYERS, )
    Plaintiff, )
)
v. ) Civil Action No. 11-86
)
SCHWAN'S HOME SERVICE, INC. )
    Defendants. )

MEMORANDUM ORDER

The record in this case reflects that complaint in this civil action was filed by plaintiff on January 21, 2011. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service of a summons and complaint is to be effectuated upon all named defendants within 120 days of the filing of the complaint, with proof of same being filed with the court. None was filed and on May 25, 2011, a show cause order was issued to plaintiff, requesting that cause be shown by June 1, 2011 why this action should not be dismissed for failure to prosecute. Plaintiff responded on that date and also provided proof of service, purportedly executed on May 27, 2011. On July 4, 2011, in an attempt to perfect service, plaintiff filed a Motion for Leave for Additional Time for Service [document #6]. That motion was granted by this Court's order, dated July 6, 2011, granting plaintiff 60 days to "file a second summons served on Defendant's registered agent or an executed waiver of service form from Defendant's registered agents" [document #7]. As of the date of this order, no such proof of service has been filed.

On September 8, 2011, the plaintiff filed with the Court a Notice of Settlement [document #8], that advised that the instant matter had settled on or about July 14, 2011. However, plaintiff stated that "...The resolution requires additional steps to finalize and is taking longer than expected". Subsequent to the filing of this notice, the Court was advised by counsel for the defendant that the matter has <u>not</u> settled, due to inaction on the part of plaintiff's counsel.

Therefore, it appearing to the Court that plaintiff has failed to timely prosecute this action, and pursuant to Fed.R.Civ.P. 41(b), we will exercise our inherent power to dismiss the case due to the inaction of the party seeking relief. See <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626 (1961).

Accordingly, this 16 day of September, 2011, IT IS HEREBY ORDERED that the instant case is dismissed.

BY THE COURT:

_____,C.J.

cc: Erik M. Yurkovich, Esquire
207 Pine Creek Road
Suite 201
Wexford, PA 15090

Liberty J. Weyandt, Esquire
Margolis Edelstein
525 William Penn Place
Suite 3300
Pittsburgh, PA 15219

2